Case 8:19-cv-01163-MWF-AS Document 1 Filed 04/18/19 Page 1 of 13 Page ID #:1

FILED
Apr 18 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ alshahs DEPUTY

1. Name: MARY ANN - WADDELL
2. Address: PO BOX 18055 ANAHEIM HILLS, CA 92817
3. Telephone Phone: 714-998-5716
4. Email: N/A DUE TO LAPTOP TWICE CORRUPTED IN MY HOME 2016 + 05/30/17 - even iPhone -

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

MaryAnn - WADDELL

Plaintiff(s),

v.

CITY of ORANGE Police
CENTRAL INTELLIGENCE
LOS Angeles CALIF
CREVIER BMW SANTA ANA CA
ORANGE COUNTY
DISTRICT ATTORNEY'S Office
DOS 1 - three

Defendant(s).

Case No.: **'19CV718 BAS BGS**
(assigned at time of filing)

**COMPLAINT**

1) To reopen TWO unethical and desperate NEED TO CLOSE CIVIL Cases at/from Orange County Central Justice Center. (IA + IB)

I A) CITY of ORANGE POLICE #30-2018-00991775
I B) CENTRAL INTELLIGENCE AGENCY #30-2018-01008984 LOS, ANGELES CA.

II NEW SUIT AGAINST ORANGE COUNTY DISTRICT ATTORNEY'S OFFICE TODD SPITZER FAILURE TO INVESTIGATE THE CORRUPTION of MY HOME 1802 N. Ridgewood ST. ORANGE CA.

III CREVIER BMW SANTA ANA, CALIF

All FOUR SUITS Fall under 42 USC § SECTION 1983, and

Complaint 1/65

MY MARCI LAW RIGHTS VIOLATED BY <u>everyone</u>!

These cases originated as I learned that my Orange Ca prominent Oral Surgeon had set my mouth up w/ missing grafting + <u>TOO</u> short implants for failure. $$$. Case 30-2018-01001326 CU FR OC.

The entire mess of corruption at my home - con purse + other doctors I had was coordinated + hired BY + for the Oral Surg. The other prosthodontist would explain what was wrong with my mouth BUT ALL refused to help, and help me understand (ie Dr Paquet used Restore omits any need of grafting + how much, DR Parris instead of grafting + how much, Dr Parris omits any need of grafting! All corruption was ignored BY Orange Police Dept 3.5 years of call Police reports w/ DR Grants home ignored BY Lori Bean Orange Police Invest, BY Jan 28 2019 I showed Orang Police 5-30-17 paperwork + Lori Bean they all covered for corruption of orange Dentist,

The CIA organized all between Dentist + Police. ALSO Crevier BMW illegal bugging of my cash paid 6/2015 320i BMW, CIA Blocked All Mail to prevent being served. - BUT BY March 2019 they found a note in my purse that I had PROOF someone had came in my home + TURNED OFF the ADT cameras! NEXT CIA Leaned 2 Discovered

3 complaint
3/65

they were in Los Angeles, LOCAL! As long as the CIA used google on my public library PC to Block the LA Calf local CIA address they could control not Being sued + served By Blocking my Orange post office mail —

But now I knew they could Be served locally + proof someone turned off cameras. AND while I was in Ohio + Virginia 2015 TRYING to get Dental help They learned I had proof of my house sitter logging into my PC — Deleted Dental records off my PC. Orange police were called Aug 2015 But ignored.

Crevier BMW illegally bugged my car, then when I tried to get new key 2016 — Refused to Rekey Car at which time I was Forced to go to Irvine BMW — Fraud continued — made me think I was paying $995.X But charged my Charles Schwab $1,900.X. Keys to my car are owned By Not Just Me.

I can Solidly prove CIA manipulating Judges Records and Court public PC.

CIA local address is 3225 W 8th ST at Mariposa LA Ca Zip 90005 — On 3/25/19 I shared this new info w/ Judge Class, w/ all Do respect I believe he knew these case Belonged in Federal court AND I got new address 3/22/19 1 PM.

4/65

1. The Orange County DISTRICT ATTORNEY office
2. April-May 2018 should have told me about
3. Police TORT AND Marci LAW, I have copies
4. of two of the 3 Doc.'s I took for INVestigator
5. ERNie Gomez AND Dec 2018 + Feb 2019
6. INVestigator Paul Carvo.

7.
8. No Patient of ANY DOCTOR that gets caught
9. doing wrong shall be able to HIRE the
10. CIA, Sabatoge Patients car, INtentional
11. HURTiNg me to ReCREATE a past + Healed
12. NeRVe injury call CRPS or Reflex Sympethetic
13. Dystrophy. Why would they DO such evil
14. stuff to Desparately attempt to justify
15. why not one of SIX Prostodontist some not
16. listed in PR grant suit. NO one would FIX my
17. Mouth. - WORSE Blocking mail + court mail
18. These Cases were closed unethically +
19. the OCDA ignored it All.
20. This is as simple as I can illitally explain
21. my Complaint. LAWS supporting are as
22. Follow: Marci law section articles 28:
23. 679.0264 679.0260, Denial of Due Process by
24. Orange Police. CIA section 10,04[A]4]
25. Stealing Memory cards (camera) of Dental + police
26. Record Corruption out of my Underwear at night
27. DRUggiNg me BlockiNg ALL access to legal Help
28. Money was NOT an Issue. GOiNg iN DISCUIse

5/65

indicate that the officers had done anything to aggravate the danger confronting the deceased[69] and hence no liability attached.

In *Clowden v. City of Philadelphia*,[70] the sixteen year-old son of the plaintiff witnessed an attempted arson at his family's residence. An arrest was made, and the son agreed to testify for the prosecution. He thereafter received threats regarding his testimony, whereupon the plaintiff and her three children were placed in a Witness Relocation Program (WRP) which by its terms was of limited duration. Shortly after their release, the son was shot in the head and died from the wounds. The plaintiff alleged two state-created dangers: first, that the city created a danger by subpoenaing the deceased as a witness, and second, that it rendered him more vulnerable to danger by terminating the WRP. The court was unpersuaded by the first contention, because "[i]dentifying and subpoenaing witnesses are necessary law enforcement toold that cannot be the basis of constitutional liability."[71] As to the second argument, the court noted that the city was under no duty to put the deceased in a witness protection program, and hence ending that program could not give rise to a constitutional violation.[72]

**[C] Denial of Due Process** *Orange Police*

Even if the complainant can convince a court that a special relationship existed, it remains essential to a successful claim to show that the action of officials resulted in the deprivation of a constitutional protection. For example, in *Huey v. Barloga*,[73] the plaintiff's son, a black college student, was killed in a street assault by a group of white youths. The complaint alleged that the police knew or should have known that the presence of blacks "on the public streets of Cicero constitute a hazard to their personal safety and to public tranquility,"[74] and that the failure to provide adequate protection resulted in a denial of equal protection of the laws to the deceased. The defendant responded that the deprivations of the victim's rights were the product of private actions and not attributable to the police. The court concluded that in this regard the defendants were incorrect:

> State governments have a basic responsibility to maintain an orderly society. To discharge this responsibility, state and local officials must take reasonable steps to preserve law and order and to provide for the personal safety of individual members of society. The Fourteenth Amendment requires that state officials exercise this duty towards all classes of persons without distinction. Thus, where individuals attempt to use intimidation and violence against others as part of a

*Dental + CIA*

---

[69] "Amos was in great danger before the officers appeared. Although in theory a very poor rescue attempt could make those needing rescue worse off than if the attempt had not been made, the probability that the conduct of the police officers in case made Amos worse off is extremely speculative." *Id.* at 1091.

[70] 702 F. Supp. 2d 498 (E.D. Pa. 2010).

[71] *Id.* at 501.

[72] *Id.*

[73] 277 F. Supp. 864 (N.D. Ill. 1967).

[74] *Id.* at 868.

of body cavities requires an even higher level of reasonable suspicion and is likewise actionable.[41] Even when otherwise constitutional, intensive body searches may be constitutionally flawed if discriminantly employed.[42] Opposite-sex pat-down searches have been held not constitutionally objectionable.[43]

### [4] Bodily Intrusions

Intrusions into the body of the complainant may give rise to a section 1983 action. In *Barlow v. Ground*,[44] the Court of Appeals for the Ninth Circuit held that the warrantless taking of a blood sample for purposes of determining the presence or absence of HIV was a violation of the fourth amendment. The court saw no exigent circumstances which would justify foregoing the normal warrant procedure.

In *Winston v. Lee*,[45] the Supreme Court declined to approve a court order for the surgical removal of a bullet which was believed to have struck the complainant in an exchange of gunfire with a shopkeeper during an attempted robbery. Because of the intrusive nature of the seizure, and the potential threat to the life and health of the complainant, the Court concluded that the seizure would violate the fourth amendment. The Court used a balancing process in reaching its conclusion and did not foreclose the

---

Columbia, 461 F. Supp. 2d 48 (D. D.C. 2006); Barne v Clark, 466 F. Supp. 2d 105 (D. D.C. 2006), *appeal dismissed* (D.C. Cir., June 11, 2007); Jones v. Murphy, 470 F. Supp. 2d 537 (D. Md. 2007); Doe #1 v. Balaam, 494 F. Supp. 2d 1173 (D. Nev. 2007); Creamer v. Raffety, 145 Ariz. 34, 699 P.2d 908 (Ariz. App. 1984); Rankin v. Colman, 476 So. 2d 234 (Fla. App. 1985), *review denied*, 484 So. 2d 7 (Fla. 1986); Lopez v. Youngblood, 609 F. Supp. 2d 1125 (E.D. Cal. 2009); Allison v. GEO Group, Inc., 611 F. Supp. 2d 433 (E.D. Pa. 2009); Lessley v. City of Madison, 654 F. Supp. 2d 877 (S.D. Ind. 2009); Foster v. City of Oakland, 675 F. Supp. 2d 992 (N.D. Cal. 2009); Jones v. City of Brunswick, 704 F. Supp. 2d 721 (N.D. Ohio 2010); Dzwonczyk v. Syracuse City Police Dep't, 710 F. Supp. 2d 248 (N.D. N.Y. 2008); Batchelor v. Fenwick, 710 F. Supp. 2d 811 (S.D. Ind. 2010); Green v. City of Mount Vernon, 96 F. Supp. 3d 263 (S.D. N.Y. 2015); Blanco v. County of Kings, 142 F. Supp. 3d 986 (E.D. Cal. 2015).

*And see* Meeks v. City of Minneapolis, 822 F. Supp. 2d 919, 923 (D. Minn. 2011) ("A public strip search of a suspect is more invasive than a 'reach-in' search performed when an officer reaches into a suspect's pants without disrobing him to retrieve a hidden item from the area surrounding the suspect's buttocks or genitals . . . . Although 'the availability of a less intrusive alternative does not necessarily prove unreasonableness,' case law suggests that police officers 'should take precautions to insure that a detainee's privacy is protected from exposure to others unconnected to the search.' ").

*But see* Gonzalez v. City of Schenectady, 728 F.3d 149 (2nd Cir. 2013) (right not clearly established).

[41] Kennedy v. Los Angeles Police Dep't, 901 F.2d 702 (9th Cir. 1989); Justice v. City of Peachtree, 961 F.2d 188 (11th Cir. 1992); Evans v. Stephens, 407 F.3d 1272 (11th Cir. 2005); Hamilton v. Kindred, 845 F.3d 659 (5th Cir. 2017); Bolden v. Village of Monticello, 344 F. Supp. 2d 407 (S.D. N.Y. 2004); Brown v. City of Utica, 854 F. Supp. 2d 255 (N.D. N.Y. 2012).

[42] Mary Beth G. v. City of Chicago, 723 F.2d 1263 (7th Cir. 1983) (gender discrimination); Amaechi v. West, 87 F. Supp. 2d 556 (E.D. Va. 2000), *aff'd*, 237 F.3d 356 (4th Cir. 2001).

*Cf.* Nelson v. McMullen, 207 F.3d 1202 (10th Cir. 2000) (no liability where detainee voluntarily exposed her breasts to convince officers that she did not have tattoo similar to that of person sought).

[43] Wyatt v. Slagle, 240 F. Supp. 2d 931 (S.D. Iowa 2002).

[44] 943 F.2d 1132 (9th Cir. 1991), *cert. denied*, 505 U.S. 1206 (1992).

[45] 470 U.S. 753, 105 S. Ct. 1611, 84 L. Ed. 2d 662 (1985).

(Rel. 64-11/2017 Pub.199)



*CIA Stalking Car use Paper Dealer Cover ups so I could no longer access License #'s*

**13-45**  CONSPIRACIES TO INTERFERE  ¶ 13.09[E]

For example, in Weiss v. Patrick,[180] plaintiff, a member of the Unification Church, contended that the defendants had deprived her of various constitutional rights through their efforts to "deprogram" her from her allegiance to the church. In the absence of a showing of any compulsion, assault or false imprisonment, the court concluded that the plaintiff had proven no cognizable injury, and that the behavior of the defendants was no more than constitutionally protected behavior.

### [E] Going in Disguise.

The phrase "go in disguise" as used in section 1985(3) was said in Hardyman v. Collins[181] to be used "in its ordinary sense."[182]

> It refers to the manner in which the contemporaneous organization at which it was directed,—the Ku Klux Klan—acted, that is, concealment of identity by masks and vestments which covered the entire or part of a person's body to such an extent as to make identification difficult, if not impossible.[183]

Thus construed, the wearing of American Legion caps was held not to constitute a disguise as contemplated by the statute.

In Aryan v. Mackey,[184] the Union of Iranian Students sought permission to hold a peaceful demonstration against the Shah of Iran on the campus of Texas Tech University. The University granted the permit, with the proviso that the demonstrators could not wear masks. Because the son of the Shah, the Prince of Iran, was residing locally and some anti-Shah demonstrations in other cities had not been peaceful, the University maintained "that anonymity may encourage the demonstrators to engage in violent activity which, if they were readily identifiable, they might not otherwise undertake."[185] Plaintiff, a member of the organization, sought a restraining order against the university, contending that the prohibition against masks violated his first amendment rights. The University responded that the students' use of masks would violate section 1985(3) because the students intended to deprive the Prince of his constitutional rights. The plaintiff testified that the purpose of the demonstration was to protest the regime of the Shah. According to the court, while the presence of the Prince was a motivating factor, there was no evidence that the demonstrators were going in disguise for the

---

[180] 453 F. Supp. 717 (D.R.I.), aff'd, 588 F.2d 818 (1st Cir. 1978), cert. denied, 442 U.S. 929 (1979).

[181] 80 F. Supp. 501 (S.D. Cal. 1948), rev'd, 183 F.2d 308 (9th Cir. 1950), rev'd, 341 U.S. 651 (1951).

[182] Id. at 509.

[183] Id.

[184] 462 F. Supp. 90 (N.D. Tex. 1978).

[185] Id. at 91.

*8/65*

Other courts have recognized the propriety of a section 1983 claim when the fabricated evidence has led to a conviction.[11] Material erroneous or misleading statements contained in an affidavit for an arrest or search warrant, or material omissions from the affidavit may support an action under the statute.[12]

¶ 10.06  Invasion of Privacy

Actions under section 1983 to redress alleged violations of the constitutional right of privacy have been infrequent. In *York v. Story*,[1] the plaintiff alleged that she had gone to the police station for the purpose of filing charges in connection with an assault. The defendant police officer told her it would be necessary to take photographs of her. He took her to a room in the station, directed her to undress, and "to assume various indecent positions, and photographed her in those positions."[2] The photographs were made for no legitimate purpose and were thereafter circulated among personnel of the department. The Court of Appeals for the Ninth Circuit held that the protection of privacy was comprehended within the liberty protected by the due process clause of the fourteenth amendment, and that the conduct of the police in this case clearly violated that protected interest.[3]

In *James v. City of Douglas*,[4] following the destruction by fire of a floral and bridal store, one of its owners informed the police that the other was attempting to extort her portion of the insurance proceeds by threatening to show her family a videotape of the two of them engaged in sexual activity. She expressed her reluctance to participate in the investigation because of the embarrassing nature of the tape but was assured that

---

[11] Halsey v. Pfeiffer, 750 F.3d 273, 295 (3d Cir. 2014) ("[I]f a defendant has been convicted at a trial at which the prosecution has used fabricated evidence, the defendant has a stand-alone claim under section 1983 based on the Fourteenth Amendment if there is a reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted."); Tatum v. Moody, 768 F.3d 806, 816 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 2312 (2015) ("Where . . . investigating officers, acting with deliberate indifference or reckless disregard for a suspect's right to freedom from unjustified loss of liberty, fail to disclose potentially dispositive exculpatory evidence to the prosecutors, leading to the lengthy detention of an innocent man, they violate the due process guarantees of the Fourteenth Amendment."); Gonzalez v. City of Waukegan, 220 F. Supp. 3d 876 (N.D. Ill. 2016).

[12] Andrews v. Sciulli, 853 F.3d 690 (3d Cir. 2017).

[1] 324 F.2d 450 (9th Cir. 1963), *cert. denied*, 376 U.S. 939 (1964).

[2] *Id.* at 452.

[3] *See also* Slayton v. Willingham, 726 F.2d 631 (10th Cir. 1984); Poe v. Leonard, 282 F.3d 123 (2d Cir. 2002); Dumond v. Conlee, 710 F. Supp. 1270 (E.D. Ark. 1988); Franz v. Lytle, 791 F. Supp. 827 (D. Kan. 1992), *aff'd*, 997 F.2d 784 (10th Cir. 1993); Fieldcamp v. City of New York, 242 F. Supp. 2d 388 (S.D.N.Y. 2003) (officer's refusal to pull up arrestee's shirt when she was rear-handcuffed, resulting in the exposure of her breast, stated cause of action).

*Cf.* Reeve v. Oliver, 41 F.3d 381 (8th Cir. 1994) (conduct perhaps amounting to a tort, but not unconstitutional); Smith v. City of Artesia, 108 N.M. 339, 772 P.2d 373 (App.), *cert. denied*, 108 N.M. 318, 772 P.2d 352 (1989) (no cause of action for invasion of privacy for improper circulation of nude photographs after a girl was dead, and the parents of the girl could not bring an action because the invasion of privacy was a personal right, and the conduct did not shock the conscience of the court).

[4] 941 F.2d 1539 (11th Cir. 1991).

possibility of legitimate involuntary surgical procedures to obtain incriminating evidence.

The Court of Appeals for the Ninth Circuit has given its approval to restraining a D.U.I. (driving under the influence) arrestee to extract a blood sample,[46] and forcing an arrestee to submit to x-rays as well as blood tests for diagnostic purposes.[47]

### [B] Surveillance

The surveillance of individuals suspected to be engaged in criminal activity gives rise to unwieldy constitutional questions. Electronic surveillance in the form of wiretapping and electronic eavesdropping has been held by the Supreme Court subject to fourth amendment standards,[48] and, when improperly employed, may give rise to a section 1983 action.[49] The surreptitious recording of the conversation of a pretrial detainee and its subsequent use as evidence against him has been held to violate the privilege against self-incrimination.[50]

Visual surveillance practices are more problematic constitutionally. When expertly conducted, such surveillance is surreptitious and, thus, no tangible injury is occasioned on the target. Even when the surveillance is open and intentionally intimidating, so long as it is a part of a bona fide law enforcement effort and no first amendment or equal protection interests are implicated, there may be little that the target of the investigation can do.[51]

Thus, for example, in *Kennedy v. Hughes*,[52] the plaintiffs were the licensed operators of a tattoo parlor in a small resort town. Soon after they had opened for business, they received a visit from the mayor who informed them that their operation was inappropriate in "a nice family town." Shortly thereafter, a neighboring property owner asked the Board of Commissioners to shut down the tattoo parlor. Two days later, the mayor and commissioners adopted an ordinance which required all tattooing to be done by a physician or osteopath. Noncompliance with the requirement was a

---

[46] Hammer v. Gross, 884 F.2d 1200 (9th Cir. 1989), *reh'g granted*, 932 F.2d 842 (1990), *cert. denied*, 502 U.S. 980 (1991).

*But cf.* Nelson v. City of Irvine, 143 F.3d 1196 (9th Cir.), *cert. denied*, 525 U.S. 981 (1998) (D.U.I. arrestee who has agreed to undergo an available breath or urine analysis cannot be required to instead submit to a blood test).

[47] Thompson v. City of Los Angeles, 885 F.2d 1439 (9th Cir. 1989).

[48] *See, e.g.*, Katz v. United States, 389 U.S. 347, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967).

[49] Liffiton v. Keuker, 850 F.2d 73 (2d Cir. 1988); Narducci v. Moore, 572 F.3d 313 (7th Cir. 2009); Scutieri v. Estate of Revitz, 683 F. Supp. 795 (S.D. Fla. 1988).

[50] Bellamy v. Wells, 548 F. Supp. 2d 234 (W.D. Va.), *appeal dismissed*, 303 Fed. Appx. 155 (4th Cir. 2008). The court distinguished *Chavez v. Martinez* (see ¶ 10.04[C]) in that no criminal charges were ever brought in that case.

[51] *See* Mays v. City of Dayton, 134 F.3d 809 (6th Cir.), *cert. denied*, 524 U.S. 942 (1998); Hickombottom v. City of Chicago, 739 F. Supp. 1173 (N.D. Ill. 1990); Frazier v. Southeastern Pa. Transp. Auth., 907 F. Supp. 116 (E.D. Pa. 1995), *aff'd*, 91 F.3d 123 (3d Cir. 1996).

[52] 596 F. Supp. 1487 (D. Del. 1984).

the evidence that Judge + Court DC were
missing of criticle proof I filing paperwork
yet the Judge class 19 nored saying I
Did not file, evidence enclosed
Dec 20 2018 2nd Amend COP
New ADDRess CIA
These were the reasons He closed
the cases, — Illegal —
Court ROD # missing

12/65

## Relief Requested:

Since there was clear conspiracy, between Orange Police Dental Crevier BMW (Santa Ana) + OC Dist. Attry I am asking for a lump sum of 4 million. This will include my ability to replace my car as they used State Farm to attempt to hide that my car 13 paid ep. as they removed nails in my garge door to access car + a cut black slider door when I go outside. —

I need to sopoena Nordstrom VISA to get more $ records.

3500 PC. Sabatoge
600 I phone
4000 illegal AAA Billing (they used my money of Brokerage acct to pay everyone)
16000 Sabatoge Mitzubishi AC heating
My Body who knows what they did stealing evidence from my underwear. My mouth will mostly cost 69-70k? My Freedom emotional embarrasement Stock Market Acct How do you price being terrorized 24 7 for 4 plos years.

4-18-2019
Mary Ann Waddell
April 18 2019
Mary Ann Waddell

13/65

```
DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS111027
Cashier ID: naparici
Transaction Date: 04/18/2019
Payer Name: MARYANN WANDELL
-----------------------------------
CIVIL FILING FEE
 For: MARYANN WANDELL
 Case/Party: D-CAS-3-19-CV-000718-001
 Amount:       $400.00
-----------------------------------
CREDIT CARD
 Amt Tendered: $400.00
-----------------------------------
Total Due:       $400.00
Total Tendered:  $400.00
Change Amt:      $0.00


There will be a fee of $53.00
charged for any returned check.
```

# CIVIL COVER SHEET

**FILED** Apr 18 2019

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**: Mary Ann - WADDELL, PO Box 18055, Anaheim Hills CA 92817

**(b) County of Residence of First Listed Plaintiff**: ORANGE COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c) Attorneys** *(Firm Name, Address, and Telephone Number)*: MaryAnn Waddell in Pro Per

**DEFENDANTS**: City of Orange, Central Intelligence, Orange County DA, Crevier BMW Santa Ana, CA

**County of Residence of First Listed Defendant**: ORANGE
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**Attorneys (If Known)**: Wayne Winthers City Attr, Ryan Lunn 300 E Chapman Ave, Orange CA 92866 714-744-5580

'19CV718 BAS BGS

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant — CIA-LA Calif
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* ✓ CIVIL RIGHTS

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury – Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | PERSONAL PROPERTY | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| 210 Land Condemnation | ☒ 440 Other Civil Rights | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | Other: ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**: Cite the U.S. Civil Statute under which you are filing: Law Statue 42 USC Section 1983 and subdivision / violation
Brief description of cause: Conspired Corruption to cover Dental Cancers 679.60 69.10266 28

**VII. REQUESTED IN COMPLAINT**: ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $: Stolen altered records
CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE Geoffrey Glass @ OC Central Justice Santa Ana CA
DOCKET NUMBER:

DATE: April 17, 2019
SIGNATURE OF ATTORNEY OF RECORD: MaryAnn Waddell in Proper Original

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP 1/65 JUDGE ____ MAG. JUDGE ____